UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

THABO SEFOLOSHA,                                    16 Civ. 2564

                                    Plaintiff,      **COMPLAINT**

                -against-                           **JURY TRIAL DEMANDED**

P.O. JOHN PAUL GIACONA, P.O. JORDAN ROSSI,
P.O. RICHARD CASTER, P.O. DANIEL DONGVORT,
P.O.  MICHAEL O'SULLIVAN, and THE CITY OF
NEW YORK,

                                    Defendants.

------------------------------------------------------------------------x

      Plaintiff, by his attorneys, complaining of the defendants alleges as follows:

## THE PARTIES

      1.    At all times hereinafter mentioned, plaintiff is a citizen of Switzerland, currently residing in Georgia.

      2.    At all times hereinafter mentioned, defendant P.O. John Paul Giacona ("Giacona") is a citizen of the State of New York.

      3.    At all times hereinafter mentioned, defendant Giacona was and is a New York City police officer; upon information and belief his shield number is 9996.

      4.    At all times hereinafter mentioned, defendant P.O. Jordan Rossi ("Rossi") is a citizen of the State of New York.

      5.    At all times hereinafter mentioned, defendant Rossi was and is a New York City police officer; Rossi was listed as "John Doe" in the plaintiff's notice of claim.

6. At all times hereinafter mentioned, defendant P.O. Richard Caster ("Caster") is a citizen of the State of New York.

7. At all times hereinafter mentioned, defendant Caster was and is a New York City police officer; upon information and belief, his shield number is 17276.

8. At all times hereinafter mentioned, defendant P.O. Daniel Dongvort ("Dongvort") is a citizen of the State of New York.

9. At all times hereinafter mentioned, defendant Dongvort was and is a New York City police officer; upon information and belief, his shield number is 3129.

10. At all times hereinafter mentioned, defendant P.O. Michael O'Sullivan ("O'Sullivan") is a citizen of the State of New York.

11. At all times hereinafter mentioned, defendant O'Sullivan was and is a New York City police officer; upon information and belief, his shield number is 13084.

12. At all times hereinafter mentioned, defendant The City of New York is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

13. At all times hereinafter mentioned, defendant Giacona was acting as an agent, servant and/or employee of the City of New York.

14. At all times hereinafter mentioned, defendant Rossi was acting as an agent, servant, and/or employee of the City of New York.

15. At all times hereinafter mentioned, defendant Caster was acting as an agent, servant, and/or employee of the City of New York.

16.     At all times hereinafter mentioned, defendant Dongvort was acting as an agent, servant, and/or employee of the City of New York.

17.     At all times hereinafter mentioned, defendant O'Sullivan was acting as an agent, servant, and/or employee of the City of New York.

## JURISDICTION AND VENUE

18.     That the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

19.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 and 1343, as this case involves, among other things, violation of the Civil Rights Law, 42 U.S.C. 1981, 1983 and 1988.

20.     This Court also has jurisdiction over the parties by reason of diversity of citizenship between the plaintiff and all defendants, and the amount in controversy, pursuant to 28 U.S.C. 1332.

21.     Venue is properly placed in the United States District Court for the Southern District of New York because the occurrence took place here, the witnesses are located here, and this is the most convenient place for the trial of this action.

## THE UNDERLYING FACTS

22.     Plaintiff is a well-known professional basketball player, previously with the Oklahoma City Thunder and for the last period of time with the Atlanta Hawks.

23.     Plaintiff's father is of African descent and plaintiff identifies as a black man.

24.     Plaintiff is six feet, six inches tall.

3

25.     On or about April 8, 2015, in the early morning hours, plaintiff was present in a lounge known as 1 Oak, located at 453 West 17th Street, New York, New York.

26.     At the time, plaintiff was wearing a sweatshirt with a hoodie.

27.     Some time after plaintiff arrived, there was a stabbing outside the lounge and the police directed everyone to leave the lounge.

28.     Plaintiff had nothing to do with the stabbing outside the lounge.

29.     The plaintiff complied.

30.     After plaintiff left the lounge, in the company of a teammate who is a professional basketball player and others, they were directed to walk westward on 17th Street towards Tenth Avenue and they complied.

31.     One of the police officers, defendant Giacona, who is approximately five feet, six inches tall, began harassing the plaintiff, was discourteous to the plaintiff, and abused his authority as a police officer.

32.     When the plaintiff, after being provoked by Giacona, referred to Giacona as a midget, Giacona and the police officers, named as defendants herein, Rossi, Caster, Dongvort and O'Sullivan, and other police officers attacked the plaintiff as plaintiff was attempting to hand some money to a needy person on the street.

33.     Defendants attacked and jumped on the plaintiff without any basis; forced him to the ground; used excessive and unnecessary force; Rossi used a baton; handcuffed him and arrested him, causing severe personal injuries, including a fracture of the right

fibula and torn ligaments, requiring surgery with the insertion of hardware, and other injuries as set forth below.

34.     When the defendants realized that the plaintiff was a well-educated, professional basketball player and this type of conduct would not go unnoticed, Giacona filed a false report (Exhibit A), attempting to justify their behavior. The false report charged the plaintiff with attempting to interfere with a police officer, resisting arrest, and with other purely fabricated charges.

35.     Fortunately there were videotapes indicating that the plaintiff committed no crime at all.

36.     The defendants then arrested the plaintiff.

37.     In a further attempt to cover up what had occurred, defendants initiated a malicious prosecution of the plaintiff without any cause or justification and without any rational basis whatsoever. They did so knowing the plaintiff had not committed any crime; that there was no basis at all for bringing false criminal charges against him; and that no reasonable officer of reasonable competence could possibly believe that the plaintiff was guilty of a crime.

38.     Defendants persisted in pressing charges against the plaintiff and charged him with, among other things violating PL 195.05 - obstructing governmental administration in the second degree; PL 205.30, resisting arrest; and PL 240.20(6), disorderly conduct.

39.     After plaintiff could not be coerced into taking a guilty plea to any charge

whatsoever but insisted on a trial, defendants proceeded to trial and the police officers provided what the video shows was perjurious testimony during the trial.

40.     Defendants caused critical materials to be withheld during the criminal trial, resulting in sanctions from the trial court.

41.     Recognizing that this was a racial matter, that plaintiff was a large black man wearing a hoodie, at the trial one of the police officers gratuitously volunteered during his testimony that defendant Caster's father was black and his mother was white. None of the other police officers volunteered their racial background.

42.     Following a several day trial in October 2015, plaintiff was acquitted on all counts (Exhibit B); the jury was out for approximately forty-five minutes.

43.     Plaintiff's arrest as well as the subsequent trial were highly publicized in the media.

44.     In compliance with the General Municipal Law, prior to the commencement of this action and within ninety days of the date of the occurrence, to wit on June 17, 2015, plaintiff filed a notice of claim against the City of New York, identifying defendants Giacona, Caster, Dongvort and O'Sullivan and naming John Doe who has now been identified as Rossi.

45.     Following plaintiff's acquittal, plaintiff filed an amended notice of claim on November 4, 2015, adding a claim of malicious prosecution.

46.    That pursuant to General Municipal Law 50-h, the City of New York, on behalf of itself and the co-defendants, requested an oral examination of the plaintiff, and the plaintiff so appeared on November 5, 2015.

47.    That the City of New York never requested a physical examination of the plaintiff and plaintiff was willing to appear if so requested.

48.    More than sixty days have expired since plaintiff filed the notice of claim and appeared for the 50-h hearing and the City of New York has refused to adjust this claim or settle the claim with the plaintiff.

49.    That this action is being commenced within a year and ninety days of the occurrence complained of and is thus timely brought.

### AS AND FOR A FIRST CLAIM FOR RELIEF
### AS AGAINST DEFENDANTS
### P.O. JOHN PAUL GIACONA, P.O. JORDAN ROSSI,
### P.O. RICHARD CASTER, P.O. DANIEL DONGVORT,
### and P.O.  MICHAEL O'SULLIVAN

[VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS BY FALSELY ARRESTING HIM]

50.    Defendants violated the plaintiff's rights under the United States Constitution by falsely arresting him without any basis, and upon information and belief, doing so, at least in part, because of plaintiff's race, as being a large black man wearing a hoodie.

51.    Plaintiff's arrest was without any justification or probable cause and violated his rights under the Fourth Amendment of the United States Constitution, and because the defendants were acting as police officers under color of State law and did so at least in part

because of plaintiff's race as being a black man of African descent, defendants violated 42 U.S.C. 1981 and 1983.

52.    Defendants also violated plaintiff's rights under the New York State Constitution.

53.    As a result of his false arrest and subsequent imprisonment, plaintiff was caused to hire an attorney and incur attorneys' fees and other expenses.

54.    During his arrest, plaintiff was caused to suffer severe and permanent personal injuries, including injury to his right leg and other parts of the body; fracture of right fibula; required surgery with insertion of hardware; torn ligaments; cosmetic deformity; scarring; extreme pain and suffering; mental anguish and distress; psychological injury; required hospital and medical care and attention, and will require such care and attention in the future; requires physical therapy; required to wear a boot and cast; osteoarthritic changes are anticipated; had difficulty standing; difficulty ascending and descending stairs; unable to attend to his usual duties, leisure activities and vocation; has become partially disabled; required medical care and treatment and will require such care and treatment in the future; plaintiff's career has been adversely affected; plaintiff's reputation has been harmed; plaintiff suffered emotional harm and mental anguish and distress; and plaintiff has been otherwise damaged, all of which damages are permanent in nature and continuing into the future.

55.    As a result of the injuries he suffered, plaintiff was forced to miss the 2015 basketball play-offs as well as other games, has been unable to return fully to his prior

activities, his basketball career has been jeopardized, his reputation and image have been damaged; images of the plaintiff in handcuffs appeared and still appear on the internet on a worldwide basis; plaintiff believes he has lost endorsements; plaintiff's basketball career has been shortened and his value as a player has been adversely affected since plaintiff is now "damaged goods" in the sports world.

56.    The damages suffered by the plaintiff were the result of defendants' violation of plaintiff's civil and Constitutional rights while acting under color of State law.

57.    By reason of the foregoing, plaintiff is entitled to recover all of his damages from the defendants, including costs and attorneys' fees, and expert fees, pursuant to 42 U.S.C. 1988.

58.    Because of the defendants' vicious, malicious and outrageous conduct, plaintiff is also entitled to recover punitive damages.

### AS AND FOR A SECOND CLAIM FOR RELIEF
### AS AGAINST DEFENDANTS
### P.O. JOHN PAUL GIACONA, P.O. JORDAN ROSSI,
### P.O. RICHARD CASTER, P.O. DANIEL DONGVORT,
### and P.O.  MICHAEL O'SULLIVAN

#### [USE OF EXCESSIVE FORCE]

59.    Plaintiff repeats, reiterates and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

60.    Without any cause or justification, defendants wrongfully assaulted and battered the plaintiff, arrested him, broke his fibula, tore ligaments, and caused him other physical harm, as well as severe emotional and economic harm.

61.    Plaintiff did not in any way resist arrest as is documented by videotape.

62.    These five police officers and others attacked and jumped on the plaintiff, used a baton, and caused plaintiff to suffer severe and permanent personal injuries as set forth above.

63.    By reason of the foregoing, plaintiff's civil and Constitutional rights were violated by the defendants under color of State law while in the scope of their duties as police officers for the City of New York.

64.    By reason of the foregoing, plaintiff is entitled to recover all of his damages from the defendants as set forth above.

## AS AND FOR A THIRD CLAIM FOR RELIEF
## AS AGAINST ALL DEFENDANTS

### [MALICIOUS PROSECUTION]

65.    Plaintiff repeats, reiterates and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

66.    In order to cover up their actions, after the defendants assaulted and battered the plaintiff, they falsely arrested and imprisoned him without any basis and without any reasonable cause; defendants, including supervisors at the City of New York, pressed criminal charges against the plaintiff (Exhibit A); and continued to press those charges; thereafter, the defendant officers perjured themselves at the trial in an attempt to justify their misconduct.

67.     Defendants forced the plaintiff to go through a trial which caused the plaintiff to incur additional legal fees, emotional distress, and ruin to his reputation in the sports world, his family, as well as the general public.

68.     Defendants' prosecution of the plaintiff was willful, baseless, intentional and malicious, in order to cover up what had previously occurred.

69.     Plaintiff was acquitted of all charges (Exhibit B), which charges never should have been brought against him to begin with.

70.     By reason of the foregoing, plaintiff has been damaged as set forth above.

71.     By reason of the foregoing, plaintiff is entitled to recover all of his damages from the defendants as set forth above.

## AS AND FOR FOURTH CLAIM FOR RELIEF
## AS AGAINST ALL DEFENDANTS

### [FALSE ARREST AND IMPRISONMENT]

72.     Plaintiff repeats, reiterates and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

73.     Defendants caused plaintiff to be falsely arrested and imprisoned although there was no rational basis for doing so and no objective reasonable grounds for doing so.

74.     As a result of his false arrest and imprisonment, plaintiff was caused to be damaged as set forth above.

75.     By reason of the foregoing, plaintiff is entitled to recover all of his damages from the defendants.

11

### AS AND FOR A FIFTH CLAIM FOR RELIEF
### AS AGAINST ALL DEFENDANTS

76.     Plaintiff repeats, reiterates and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

77.     The City of New York is responsible for the acts of its police officers, acting within the scope of their duties under the common law of the State of New York.

78.     The City of New York is responsible for the conduct of its officers, and was reckless, careless and negligent in failing to properly train them; failing to properly supervise them; in failing to prevent false charges from being brought; in preventing them from causing harm to the public such as the plaintiff herein; and in violating plaintiff's rights under the New York State Constitution.

79.     By reason of the negligence of the City of New York and its officers, plaintiff has been damaged as set forth above.

80.     By reason of the foregoing, plaintiff is entitled to recover all of his damages from the defendants.

### AS AND FOR A SIXTH CLAIM FOR RELIEF
### AS AGAINST ALL DEFENDANTS

81.     Plaintiff repeats, reiterates and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

82.     The City of New York is responsible for the conduct of the individual defendants in assaulting, battering, arresting, imprisoning and maliciously prosecuting the

12

plaintiff without any basis and without any reasonable cause in an attempt to cover up their misconduct.

83.    The defendants are jointly and severally liable to the plaintiff for the damages caused to the plaintiff.

84.    By reason of the foregoing, plaintiff is entitled to recover all of his damages from the defendants, including costs and attorneys' fees, and expert fees pursuant to 42 U.S.C. 1988, and punitive damages against the individually named defendants

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally for all damages properly recoverable in an action of this nature, all together with the costs and disbursements of this action.

JAROSLAWICZ & JAROS PLLC
Attorneys for Plaintiff
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780

By: _____
David Jaroslawicz
Elizabeth Eilender

Benjamin Brafman, Esq.
Alex Spiro, Esq.
BRAFMAN & ASSOCIATES, P.C.
Co-Counsel for Plaintiff
767 Third Avenue, 26th Floor
New York, New York 10017
(212) 750-7800

13

EXHIBIT A

Received:                          Apr  8 2015 12:31pm
Fax Server          Received:              Fax:   Apr  8 2015 12:35pm      Apr  8 2015 01:28pm  P001/004
                    4/8/2015 12:38:44 PM  PAGE   2/003   Fax Server

                                                                         Page 1 of 2

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

Thabo Sefolosha (M 30),

Defendant.

**2015CN002363**

ADA Courtney Groves
(212) 335-9296

Police Officer Johnpaul Giacona, Shield 9996 of the 10th Precinct, states as follows:

*The defendant is charged with:*

| | | |
|---|---|---|
| 1 | PL 195.05 | Obstructing Governmental Administration in the Second Degree (defendant #1: 1 count) |
| 2 | PL 205.30 | Resisting Arrest (defendant #1: 1 count) |
| 3 | PL 240.20(6) | Disorderly Conduct (defendant #1: 1 count) |

On or about April 8, 2015 at about 4:38 A.M., in front of 413 West 17th Street in the County and State of New York, the defendant intentionally prevented and attempted to prevent a public servant from performing an official function by intimidation, physical force and interference and by means of an independently unlawful act; the defendant intentionally attempted to prevent a police officer and peace officer from effecting an authorized arrest of himself and another person; the defendant, with intent to cause public inconvenience, annoyance and alarm and recklessly creating a risk thereof, congregated in a public place with other persons and refused to comply with a lawful order of the police to disperse.

*The factual basis for these charges are as follows:*

I observed the defendant and a separately charged defendant Pero Antikj standing at the above location. I was helping to clear the area and establish a crime scene due to an unrelated incident at the above location. I told the defendant and the separately charged defendant approximately six times to disperse and clear the area. I observed the defendant and the separately charged defendant move a couple feet away but refuse to clear the area. The defendant and the separately charged defendant actions interfered with my ability and lawful duty to clear the area in order for the other officers to establish a crime scene.

I am informed by Police Office Caster, Shield #17276, of the Tenth Precinct that he observed the defendant Thabo Sefolosha run in an aggressive manner towards the

Received:                           Apr  8 2015 12:31pm
Fax:                      Apr  8 2015 01:28pm  P002/004
Fax Server        Received:
                 4/8/2015  12:36:44 PM   PAGE   3/003   Fax Server

Page 2 of 2

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK                    MISDEMEANOR

              -against-

Thabo Sefolosha (M 30),                                ADA Courtney Groves
                                                       (212) 335-9296
                                  Defendant.

direction of Police Officer Daniel Dongvort, Shield #3129, of the Tenth Precinct. I am further informed that he observed that Officer Dongvort's back was facing the defendant at the time.

     When I approached the defendant to place him under arrest for the above described conduct, I observed the defendant flail his arms, twist his body, kick his legs, and struggle against me making it difficult for me to place handcuffs on him and complete the arrest. It took four officers to place the defendant in handcuffs.

**False statements made in this written instrument are punishable as a class A misdemeanor pursuant to section 210.45 of the Penal Law, and as other crimes.**

_____               04/08/15      1252
Police Officer Johnpaul Giacona                  Date         Time

EXHIBIT B

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

CERTIFICATE OF DISPOSITION
NUMBER:  101585

THE PEOPLE OF THE STATE OF NEW   YORK
                    VS

SEFOLOSHA,THABO
Defendant

redacted
Date of Birth

3870    POWERS FERRY ROAD
Address

13031765M
NYSID Number

ATLANTA              GA
City            State  Zip

04/08/2015
Date of Arrest/Issue

Docket Number: 2015CN002364

Summons No:

195.05 205.30 240.20
Arraignment Charges

Case Disposition Information:

| Date | Court Action | Judge | Part |
|------|--------------|-------|------|
| 10/09/2015 | ACQUITTED AND SEALED | MANDELBAUM,R | JURY4 |

    I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN
THIS COURT.

FANELLI,R
COURT OFFICIAL SIGNATURE AND SEAL

11/23/2015
DATE      FEE: 10.00

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT
         SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)



SEALED

pursuant to Section 160.50 of the CPL