UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

THABO SEFOLOSHA,

                            Plaintiff,

          -against-

P.O. JOHN PAUL GIACONA, P.O. JORDAN ROSSI,
P.O. RICHARD CASTER, P.O. DANIEL DONGVORT,
P.O. MICHAEL O'SULLIVAN, and THE CITY OF NEW
YORK,

                            Defendants.

------------------------------------------------------------------------ x

**ANSWER OF DEFENDANTS CITY OF NEW YORK, JOHN PAUL GIACONA, JORDAN ROSSI, RICHARD CASTER, DANIEL DONGVORT AND MICHAEL O'SULLIVAN TO PLAINTIFF'S COMPLAINT**

16 Civ. 2564 (JMF)

**JURY TRIAL DEMANDED**

        Defendants City of New York ("City"), John Paul Giacona ("Giacona"), Jordan Rossi ("Rossi"), Richard Caster ("Caster"), Daniel Dongvort ("Dongvort") and Michael O'Sullivan ("O'Sullivan"), by their attorney Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

        1.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

        2.    Deny the allegations set forth in paragraph "2" of the Complaint, except admit that Officer Giacona is a citizen of the State of New York.

        3.    Deny the allegations set forth in paragraph "3" of the Complaint, except admit that on April 8, 2015 Officer Giacona was employed by the City of New York as a police officer and further admit that his shield number is 9996.

        4.    Deny the allegations set forth in paragraph "4" of the Complaint, except admit that Officer Rossi is a citizen of the State of New York.

- 2 -

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that on April 8, 2015 Officer Rossi was employed by the City of New York as a police officer and deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning the John Doe.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that Officer Caster is a citizen of the State of New York.

7. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that on April 8, 2015 Officer Caster was employed by the City of New York as a police officer and further admit that his shield number is 17276.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that Officer Dongvort is a citizen of the State of New York.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that on April 8, 2015 Officer Dongvort was employed by the City of New York as a police officer and further admit that his shield number is 3129.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Officer O'Sullivan is a citizen of the State of New York.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that on April 8, 2015 Officer O'Sullivan was employed by the City of New York as a police officer and further admit that his shield number is 13084.

12. Admit the allegations set forth in paragraph "12" of the Complaint.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that on April 8, 2015 Officer Giacona was employed by the City of New York as a police officer.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that on April 8, 2015 Officer Rossi was employed by the City of New York as a police officer.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that on April 8, 2015 Officer Caster was employed by the City of New York as a police officer.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that on April 8, 2015 Officer Dongvort was employed by the City of New York as a police officer.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit that on April 8, 2015 Officer O'Sullivan was employed by the City of New York as a police officer.

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit that plaintiff seeks to invoke the jurisdiction of the Court as stated therein.

19. Deny the allegations set forth in paragraph "19" of the Complaint, except admit that plaintiff seeks to invoke the jurisdiction of the Court as stated therein.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except admit that plaintiff seeks to invoke the jurisdiction of the Court as stated therein.

21. Deny the allegations set forth in paragraph "21" of the complaint, except admit that plaintiff purports to base venue as stated therein.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint, except admit that there was a stabbing outside of 1 Oak and the police directed everyone to vacate the area.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint, except admit that plaintiff was directed to vacate the area in the direction of Tenth Avenue and deny the allegation concerning compliance.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint, except admit that there are videos of the incident.

36. Deny the allegations set forth in paragraph "36" of the Complaint, except admit that plaintiff was arrested.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint, except admit that the District Attorney's Office charged plaintiff with obstructing governmental administration, disorderly conduct and resisting arrest.

39. Deny the allegations set forth in paragraph "39" of the Complaint, except admit that the criminal charges were adjudicated at a trial.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint, and respectfully refer the Court to the criminal trial transcript for the contents of the officers' testimony.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint, except admit that plaintiff was acquitted of the charges after a trial in October 2015.

43. Deny the allegations set forth in paragraph "43" of the Complaint, except admit that the arrest and trial were in the press.

44. Deny the allegations set forth in paragraph "44" of the Complaint, except admit that a document purporting to be a notice of claim was received by the City of New York on June 17, 2015 naming Officers Giacona, Caster, Dongvort, O'Sullivan and John Doe.

45. Deny the allegations set forth in paragraph "45" of the Complaint, except admit that a document purporting to be an amended notice of claim was received by the City of New York on November 4, 2015 including a cause of action for malicious prosecution.

46. Deny the allegations set forth in paragraph "46" of the Complaint, except admitsthat the City of New York  requested a hearing pursuant to General Municipal Law 50-h that was held on November 5, 2015.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint, except admit that a physical examination was not requested.

48. Deny the allegations set forth in paragraph "48" of the Complaint, except admit that more than sixty days have elapsed since the 50-h hearing and further admit that the City of New York has been unable to adjust or settle plaintiff's claim.

49. Deny the allegations set forth in paragraph "49" of the Complaint, except admit that this action was filed on April 7, 2016, approximately one year since the date of plaintiff's arrest.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. In response to the allegations set forth in paragraph "59" of the Complaint, Defendants City, Giacona, Rossi, Caster, Dongvort and O'Sullivan repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. In response to the allegations set forth in paragraph "65" of the Complaint, Defendants City, Giacona, Rossi, Caster, Dongvort and O'Sullivan repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint, except admit that plaintiff was acquitted of the criminal charges.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. In response to the allegations set forth in paragraph "72" of the Complaint, Defendants City, Giacona, Rossi, Caster, Dongvort and O'Sullivan repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. In response to the allegations set forth in paragraph "76" of the Complaint, Defendants City, Giacona, Rossi, Caster, Dongvort and O'Sullivan repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

77. State that the allegations set forth in paragraph "77" of the Complaint are conclusions of law to which to no response is required.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. In response to the allegations set forth in paragraph "81" of the Complaint, Defendants City, Giacona, Rossi, Caster, Dongvort and O'Sullivan repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

85. Defendants City, Giacona, Rossi, Caster, Dongvort and O'Sullivan have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

86. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of Defendants City, Giacona, Rossi, Caster, Dongvort or O'Sullivan.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

87. At all times relevant to the acts alleged in the Complaint, the duties and functions of Defendant City of New York's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, Defendant City of New York is entitled to governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

88. There was probable cause for plaintiff's arrest and prosecution.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

89. Any force was reasonable and justified.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

90. Defendants Giacona, Rossi, Caster, Dongvort and O'Sullivan have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

91. Defendants Giacona, Rossi, Caster, Dongvort and O'Sullivan have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

92. At all times relevant to the acts alleged in the Complaint, Defendants Giacona, Rossi, Caster, Dongvort and O'Sullivan acted reasonably in the proper and lawful exercise of their discretion.

**WHEREFORE,** Defendants City of New York, John Paul Giacona, Jordan Rossi, Richard Caster, Daniel Dongvort and Michael O'Sullivan respectfully request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          June 27, 2016

>                ZACHARY W. CARTER
>                Corporation Counsel of the City of New York
>                Attorney for Defendants City of New York, John
>                Paul Giacona, Jordan Rossi, Richard Caster, Daniel
>                Dongvort and Michael O'Sullivan
>                100 Church Street
>                New York, New York 10007
>                (212) 356-3527 / (212) 356-2331
>
>          By:              /s/
>                Brian Francolla
>                Matthew J. Modafferi
>                *Senior Counsel*
>                Special Federal Litigation Division

To:   David Jaroslawicz, Esq. (By ECF)
      Elizabeth Eilender, Esq.
      JAROSLAWICZ & JAROS, PLLC
      *Attorneys for plaintiff*
      225 Broadway, 24th Floor
      New York, New York 10007

      Benjamin Brafman, Esq. (By ECF)
      Alex Spiro, Esq.
      BRAFMAN & ASSOCIATES, P.C.
      *Co-counsel for plaintiff*
      767 Third Avenue, 26th Floor
      New York, New York 10017

Docket No. 16 Civ. 2564 (JMF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THABO SEFOLOSHA,

                          Plaintiff,

-against-

P.O. JOHN PAUL GIACONA, P.O. JORDAN ROSSI, P.O. RICHARD CASTER, P.O. DANIEL DONGVORT, P.O. MICHAEL O'SULLIVAN, and THE CITY OF NEW YORK,

                          Defendants.

**ANSWER OF DEFENDANTS CITY OF NEW YORK, JOHN PAUL GIACONA, JORDAN ROSSI, RICHARD CASTER, DANIEL DONGVORT AND MICHAEL O'SULLIVAN TO PLAINTIFF'S COMPLAINT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York  10007*

*Of Counsel: Brian Francolla & Matthew Modafferi*
*Tel: (212) 356-3527 / (212) 356-2331*

*Due and timely service is hereby admitted.*

*New York, New York. .................................... , 2016*

*....................................................................... Esq.*

*Attorney for ................................................................*

- 11 -