UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

PERO ANTIC,

**DEFENDANTS'
STATEMENT OF
UNDISPUTED FACTS
PURSUANT TO LOCAL
CIVIL RULE 56.1**

                                         Plaintiff,

                   -against-

THE CITY OF NEW YORK, et al.,

16 Civ. 2425 (JMF)

                                         Defendants.

-------------------------------------------------------------------- x


-------------------------------------------------------------------- x

THABO SEFOLOSHA,

                                         Plaintiff,

                   -against-                              16 Civ. 2564 (JMF)

P.O. JOHN PAUL GIACONA, et al.,

                                         Defendants.

-------------------------------------------------------------------- x


            Pursuant to Local Civil Rule 56.1 of the Rules of this Court, defendants submit

the following statement of material facts as to which there is no genuine issue to be tried:[1]

---

[1] Defendants adopt the facts set forth herein only for purposes of the Motions for Summary Judgment and reserve the right to present different and/or conflicting facts at any trial in this matter.  See Vasconcellos v. City of New York, 12 Civ. 8445 (CM) (HBP), 2015 U.S. Dist. LEXIS 121572, at *4 (S.D.N.Y. Sept. 9, 2015) (Local Civil Rule 56.1 "means a party can 'admit' facts that it intends to dispute at trial without suffering any prejudice – the 'admission' . . . neither binds the party going forward if the motion is denied nor can it be admitted in evidence at trial.").

1.      On April 8, 2015, in the early morning hours, plaintiffs were present in a lounge known as 1 Oak, located at 453 West 17th Street, New York, New York.  See Plaintiff Sefolosha's Complaint, Annexed to the Declaration of Brian Francolla, dated March 31, 2017 ("Francolla's Decl.") as Exhibit "A," ¶ 25; Plaintiff Antic's Amended Complaint, Annexed to Francolla's Decl. as Exhibit "B," ¶ 23.

2.      Some time after plaintiffs arrived at 1 Oak, there was a stabbing outside the lounge and the police directed everyone to leave.  See Plaintiff Sefolosha's Complaint, Francolla's Decl., Exhibit "A," ¶ 27; Plaintiff Antic's Amended Complaint, Francolla's Decl., Exhibit "B," ¶ 24.

3.      Plaintiffs left 1 Oak together along with two women.  See January 11, 2017 Deposition of Thabo Sefolosha ("Sefolosha's Dep."), annexed to Francolla's Decl. as Exhibit "C," pp. 13: 22 – 14: 4.

4.      As plaintiff Sefolosha exited 1 Oak, he immediately observed the flashing lights of police cars and an ambulance.  Id. at p. 17: 5 – 19.

5.      Plaintiff Sefolosha also observed a large group of civilians, at least four or five uniformed police officers and crime scene tape.  Id. at pp. 18: 5 – 19: 5.

6.      At the moment plaintiffs first stepped outside of 1 Oak, they were directed by police personnel to go towards the right in the direction of 10th Avenue.  Id. at pp. 18: 19 – 24; 19: 15 – 22.

7.      Plaintiffs and the two women walked eight to ten steps before they stopped.  Id. at pp. 19: 15 – 20: 20.

8.      While plaintiffs and the two women were stopped eight to ten steps to the right of the entrance to 1 Oak, they were approached by Police Officer Giacona who directed them to keep moving.  Id. at p. 21: 7 – 25.

9.      In response to Police Officer Giacona's instructions, plaintiffs and the two women took an additional six to ten steps towards 10th Avenue before stopping a second time.  Id. at p. 23: 3 – 15.

10.     While plaintiffs and the two women were stopped for a second time, Police Officer Giacona again directed them to leave the area and head towards 10th Avenue.  Id. at pp. 24: 24 – 26: 3.

11.     Police Officer Giacona directed plaintiffs and the two women to move and/or leave that night approximately between six and ten times.  Id. at pp. 26: 19 – 27: 3.

12.     The officers were instructed to set up a crime scene and remove civilians off 17th Street and the East side corners of 17th Street and 10th Avenue.  See November 17, 2016 Deposition of Police Officer Giacona, annexed to Francolla's Decl. as Exhibit "Q"; 18: 2 – 11.

13.     It took plaintiffs and the two women a few minutes – not more than five – to get from the door of 1 Oak to the corner of 17th Street and 10th Avenue.  See Sefolosha's Dep., Francolla's Decl., Exhibit "C," p. 30: 14 – 22.

14.     After plaintiffs arrived at 10th Avenue, they approached a professional driver's sport utility vehicle ("SUV") that was parked at the corner of 17th Street and 10th Avenue.  Id. at pp. 33: 21 – 34: 16.

15.     Plaintiff Antic got into the SUV.  See February 22, 2017 Deposition of Pero Antic, annexed to Francolla's Decl. as Exhibit "D," p. 24: 8 – 22.

16.     Police Officer Dongvort opened the door of the SUV for plaintiff Sefolosha to enter.  See Sefolosha's Dep., Francolla's Decl., Exhibit "C," pp. 34: 14 – 35: 17.

17.     According to plaintiff Sefolosha, before he got into the SUV an individual approached him asking for money.   See Plaintiff Sefolosha's October 21, 2015 Civilian Complaint Review Board Testimony ("Sefolosha's CCRB Testimony"), annexed to Francolla's Decl. as Exhibit "E," pp. 40: 19 – 43: 6.

18.     According to plaintiff Sefolosha, before he could give this individual money, Police Officer Dongvort escorted the individual away from the SUV.  Id. at pp. 43: 7 – 44: 6.

19.     Police Officer Dongvort's back was facing plaintiff Sefolosha as he escorted the individual away from the SUV.  Id.

20.     According to plaintiff Sefolosha, he took a two or three steps towards the individual – while Police Officer Dongvort still had his back facing plaintiff Sefolosha – at a good pace in an effort to catch up to the individual as quickly as possible.  Id. at pp. 43: 18 – 45: 7.

21.     As plaintiff Sefolosha approached Police Officer Dongvort and the individual, plaintiff Sefolosha had one arm extended in their direction.  See Sefolosha's Dep, Francolla's Decl., Exhibit "C," p. 40: 2 – 16.

22.     Police Officer Caster observed plaintiff Sefolosha approach Police Officer Dongvort and the individual by taking quick steps with one arm extended in their direction.  See December 16, 2016 Deposition of Police Officer Richard Caster, annexed to Francolla's Decl. as Exhibit "F," pp. 59: 10 – 65: 12.

23.     In response to plaintiff Sefolosha's movements towards Police Officer Dongvort and the individual, Police Officer Caster pushed plaintiff Sefolosha on the side and grabbed him.

Id. at pp. 67: 22 – 68: 6; Sefolosha's CCRB Testimony, Francolla's Decl., Exhibit "E," pp. 45: 15 – 47: 24.

24.     While Police Officer Dongvort was escorting the individual away from the SUV, his attention was drawn to Police Officer Caster and plaintiff Sefolosha.  See January 5, 2017 Deposition of Police Officer Dongvort, annexed to Francolla's Decl. as Exhibit "G," pp. 62: 19 – 70: 11.

25.     It appeared to Police Officer Dongvort that Police Officer Caster was trying to place plaintiff Sefolosha under arrest.  Id.

26.     Police Officer Dongvort did not know at the time why Police Officer Caster was trying to place plaintiff Sefolosha under arrest.  Id.

27.     Police Officer Dongvort attempted to assist Police Officer Caster in arresting plaintiff Sefolosha by grabbing onto plaintiff Sefolosha's left arm and placing him on the ground in an effort to get him handcuffed.  Id. at pp. 70: 18 – 74: 12.

28.     While Police Officers Dongvort and Caster were attempting to place plaintiff Sefolosha's hands behind his back, plaintiff Sefolosha was trying to put money into his front pocket with his left hand.  See Plaintiff Sefolosha's October 7, 2015 Criminal Trial Testimony, annexed to Francolla's Decl. as Exhibit "H," p. 15: 1 – 22.

29.     Plaintiff Sefolosha did not verbally communicate the fact that he was trying to put money into his front pocket with his left hand.  Id.

30.     Police Officer O'Sullivan noticed out of the corner of his eye that police officers were physically engaged with plaintiff Sefolosha in an attempt to arrest him and he went to assist.  See November 17, 2017 Deposition of Police Officer O'Sullivan ("PO O'Sullivan's Dep."), annexed to Francolla's Decl. as Exhibit "I," pp. 25: 14 – 27: 22.

31.     Police Officer O'Sullivan assisted the officers engaged with plaintiff Sefolosha by attempting to handcuff him.  Id. at pp. 29: 2 – 11; 44: 9 – 17; 83: 22 – 84: 10; Police Officer O'Sullivan's May 28, 2015 Civilian Complaint Review Board Testimony ("PO O'Sullivan's First CCRB Testimony"), annexed to Francolla's Decl. as Exhibit "J," pp. 6: 11 – 7: 5; 11: 13 – 20; 12: 14 – 13: 10.

32.     Police Officer O'Sullivan identified himself in a portion of video footage from the underlying incident which captures police personnel attempting to arrest plaintiff Sefolosha.  See Video Footage from a Portion of the Underlying Incident marked 1919A,[2] annexed to Francolla's Decl. as Exhibit "K;" Police Officer O'Sullivan's November 2, 2015 Civilian Complaint Review Board Testimony ("PO O'Sullivan's Second CCRB Testimony"), annexed to Francolla's Decl. as Exhibit "L," pp. 15: 23 – 18: 5.[3]

33.     Police Officer O'Sullivan identified himself in a second portion of video footage from the underlying incident which also captures police personnel attempting to arrest plaintiff Sefolosha.  See Video Footage from a Portion of the Underlying Incident marked 1919E,[4] annexed to Francolla's Decl. as Exhibit "M;" PO O'Sullivan's Second CCRB Testimony, Francolla's Decl., Exhibit "L," p. 18: 6 – 18.[5]

34.     While Police Officer O'Sullivan was assisting in the arrest of plaintiff Sefolosha, plaintiff Antic made physical contact with Police Officer O'Sullivan's shoulder.   See PO

---

[2] This footage is contained on the compact disk that was produced in discovery bearing Bates No. DEF 2675.

[3] In this portion of testimony Police Officer O'Sullivan is watching Defendants' Exhibit "J" and identifies himself therein.

[4] See footnote #2.

[5] In this portion of testimony Police Officer O'Sullivan is watching Defendants' Exhibit "L" and identifies himself therein.

O'Sullivan's Dep., Francolla's Decl., Exhibit "I," pp. 44: 9 – 45: 18; Pero Antic's November 17, 2015 50-H Testimony ("Antic's 50-H"), annexed to Francolla's Decl. as Exhibit "N," pp. 32: 12 – 36: 7; Video Footage from a Portion of the Underlying Incident marked 1919C,[6] annexed to Francolla's Decl. as Exhibit "R."

35.     The physical contact plaintiff Antic made with Police Officer O'Sullivan interfered with Police Officer O'Sullivan's attempts to assist in the arrest of plaintiff Sefolosha. See PO O'Sullivan's Dep., Francolla's Decl., Exhibit "I," pp. 44: 9 – 45: 18; 62: 24 – 63: 10; 81: 22 – 82: 8; PO O'Sullivan's First CCRB Testimony, Francolla's Decl., Exhibit "J," pp. 14: 4 – 16: 7; Francolla's Decl., Exhibit "R."

36.     In response to the physical contact plaintiff Antic made with Police Officer O'Sullivan, Police Officer O'Sullivan pushed plaintiff Antic causing plaintiff Antic to fall on the ground.  See PO O'Sullivan's Dep., Francolla's Decl., Exhibit "I," pp. 44: 9 – 45: 18; 62: 24 – 63: 10; 81: 22 – 82: 8; PO O'Sullivan's First CCRB Testimony, Francolla's Decl., Exhibit "J," pp. 14: 4 – 16: 7; Antic's 50-H, Francolla's Decl., Exhibit "N," pp. 32: 12 – 36: 7; Video Footage from a Portion of the Underlying Incident marked 1919C,[7] Francolla's Decl., Exhibit "R."

37.     Police Officer O'Sullivan's push of plaintiff Antic was the extent of his physical contact with him.  Id.

38.     As a result of being pushed, plaintiff Antic suffered no physical injuries.  See Antic's 50-H, Francolla's Decl., Exhibit "N," p. 51: 3 – 6.

---

[6] This footage is contained on the compact disk that was produced in discovery bearing Bates No. DEF 2675.

[7] This footage is contained on the compact disk that was produced in discovery bearing Bates No. DEF 2675.

39.     Police Officer Rossi's physical contact with plaintiff Sefolosha consisted solely of him touching plaintiff Sefolosha's shoulder twice for maybe a second in an unsuccessful attempt to grab him while other police officers were trying to place plaintiff Sefolosha under arrest.  See Police Officer Rossi's October 29, 2015 Civilian Complaint Review Board Testimony, annexed to Francolla's Decl. as Exhibit "O," pp. 27: 6 – 29: 16.

40.     At the time, Police Officer Rossi did not know why police officers were attempting to arrest plaintiff Sefolosha.   See Police Officer Rossi's December 21, 2016 Deposition, annexed to Francolla's Decl. as Exhibit "P," p. 82: 18 – 20.

41.     Police Officer Giacona signed the charging instrument for plaintiff Sefolosha which included information gleaned from his own personal observations of what happened that night as well as information provided to him from Police Officer Caster.   See Plaintiff Sefolosha's Complaint, Francolla's Decl., Exhibit "A," pp. 15 – 16.

42.     The criminal charges against plaintiff Antic were dismissed in the interests of justice.  See Court Minutes dated September 9, 2015, annexed to Francolla's Decl. as Exhibit "Q."

43.     The specific basis for the dismissal was as follows: "The investigation revealed the police officer had probable cause to arrest defendant Antic because he refused multiple orders to disperse, and because he grabbed the shoulder of a police officer, who's attempting to arrest defendant Sefolosha.  However, the investigation also revealed that Antic was attempting to calm the escalating situation between Sefolosha and the police officers.  Officers reported that while Sefolosha was resisting arrest, Antic was telling Sefolosha to calm down and to do what the officers said.  Although Antic grabbed the officer's shoulder, he did not cause any injury to

the officer.  In light of these mitigating circumstances, the People move to dismiss this case against Pero Antic in the interest of justice."  Id.

44.   Police Officer O'Sullivan did not testify during plaintiff Sefolosha's criminal trial.  See PO O'Sullivan's Dep., Francolla's Decl., Exhibit "I," p. 62: 7 – 23.

45.   The individual depicted in defendants' Exhibit "R" with the yellow circle around him is plaintiff Sefolosha.  See Francolla's Decl., Exhibit "R;" Francolla's Decl., ¶¶ 21-22; Michael Mannion's October 7, 2015 Criminal Trial Testimony ("Mannion's Criminal Trial Testimony"), annexed to Francolla's Decl. as Exhibit "S," pp. 63: 25 – 64: 3.[8]

46.   The individual depicted in defendants' Exhibit "R" with the green circle around him is plaintiff Antic.  Id.

---

[8] Defendants are not certain as to whether the video discussed in Mr. Mannion's cited testimony is the same as Defendants' Exhibit "R," however, upon information and belief, the same color coding applies.  Additionally, Defendants' Exhibit "R" includes a heading at the top which indicates it was created by Mr. Mannion ("Users/mannionvid").

47.     The person plaintiff Antic makes physical contact with as depicted in Defendants'
Exhibit "R" is Police Officer O'Sullivan.  See Francolla's Decl., Exhibit "R;" Francolla's Decl.,
¶ X; Mannion's Criminal Trial Testimony, Francolla's Decl., Exhibit "S," pp. 63: 25 – 64: 3; PO
O'Sullivan's Dep., Francolla's Decl., Exhibit "I," pp. 44: 9 – 45: 18; Antic's 50-H, Francolla's
Decl., Exhibit "N," pp. 32: 12 – 36: 7.

Dated:   New York, New York
              March 31, 2017

ZACHARY W. CARTER
CORPORATION COUNSEL OF THE CITY OF NEW YORK
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-3527/2331

                                    /s/
By:   _____
          Brian Francolla
          Matt Modafferi
          *Senior Counsel*
          Special Federal Litigation Division

cc:     Tracey Brown, Esq. (By ECF)
          Derek S. Sells, Esq.
          Stephanie R. Correa, Esq.
          THE COCHRAN FIRM
          *Attorneys for plaintiff Antic*
          55 Broadway, 23rd Floor
          New York, New York 10006

          Elizabeth Eilender, Esq. (By ECF)
          David Jaroslawicz, Esq.
          JAROSLAWICZ & JAROS, PLLC
          *Attorneys for plaintiff Sefolosha*
          225 Broadway, 24th Floor
          New York, New York 10007

          Benjamin Brafman, Esq. (By ECF)
          Alex Spiro, Esq.
          BRAFMAN & ASSOCIATES, P.C.
          *Co-counsel for plaintiff Sefolosha*
          767 Third Avenue, 26th Floor
          New York, New York 10017